

Santos Burgos, pro se.

Rita R. Valdrini, Asst. U.S. Atty., Wheeling, WV, for respondent.

### ORDER

MAXWELL, District Judge.

The above-styled civil action was transferred from the United States District Court for the Eastern District of Michigan (Southern Division), and was received in this Court on December 19, 1994. A review of the pleadings reveals that petitioner is a federal prisoner, proceeding *pro se*, and seeks to challenge a decision by the United States Bureau of Prisons denying him credit for time served as a result of a June 4, 1993 detention order.

Petitioner initially filed his challenge pursuant to 28 U.S.C. § 2255 with the sentencing court in Michigan. The district court properly noted, however, that the petition is properly construed as being brought pursuant to 28 U.S.C. § 2241, which confers jurisdiction upon the federal district court which serves the district in which petitioner (and his custodian) are located. The matter was thereupon transferred to this district, the location of petitioner's confinement.

By Order entered December 20, 1994, the Court directed the Clerk of Court to file the pleadings received in this matter as a civil

**Santos BURGOS, Petitioner**

v.

**William THOMPSON, Warden, FCI Morgantown, Respondent.**

Civ. A. No. 2:94cv–221.

United States District Court, N.D. West Virginia.

March 6, 1995.

**38**

action having been brought pursuant to 28 U.S.C. § 2241 and to obtain a certified copy of the petition from the United States District Court for the Eastern District of Michigan.

Pursuant to a subsequent Order, respondent filed his Response on February 13, 1995. On February 22, 1995, petitioner filed a traverse to the response. There are no facts in dispute in this matter, and the Court, therefore, finds that it can dispose of the issue of law without a hearing as permitted by 28 U.S.C. § 2243.

Petitioner pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced on December 13, 1993, to imprisonment for a term of twenty-one (21) months. In connection with this offense, on June 4, 1993, petitioner appeared before Magistrate Judge Steven D. Pepe in the United States District Court for the Eastern District of Michigan and was released on a $50,000 personal recognizance bond. The conditions of the bond were restrictive, and he was to be kept under close supervision by pre-trial services. Petitioner believes that the conditions of his bond were so restrictive that they constituted "official detention" which entitles him to credit for time served under 18 U.S.C. § 3585(b).

Specifically, petitioner seeks credit for time served at Genesis House where he spent eighteen (18) days as a condition of his bond. The Magistrate Judge's Order setting conditions of release restricted petitioner's travel to the grounds of the Genesis House with exceptions for court appearances and visits to his attorney. It is apparent from the record that Genesis House is a type of community treatment center.

█ It is generally recognized that a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. 18 U.S.C. § 3585(b). The appropriate credit for time spent in official detention is to be computed by the Attorney General after a federal criminal defendant has begun to serve his sentence. *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

The Attorney General may designate this responsibility to the Bureau of Prisons.

█ In the instant case, the Bureau of Prisons has denied petitioner credit for pre-sentence time served at Genesis House. Although respondent argues that petitioner failed to timely appeal internal decisions with respect to credit for time served and that, therefore, petitioner has failed to exhaust his administrative remedies, the Court will determine the matter on the merits.

Having given careful consideration to all matters of record and the arguments of petitioner and counsel for respondent, the Court must find that petitioner is not entitled to credit for presentence time served at Genesis House. It is clear that petitioner's stay at Genesis House was a condition of release. The Fourth Circuit has emphatically determined that "[c]onditions of release are not custody." *U.S. v. Insley*, 927 F.2d 185, 186 (4th Cir.1991). As in *Insley*, the conditions of release to which petitioner herein was subjected did not rise to the level of physical incarceration. The Fourth Circuit has adopted the view set forth in *U.S. v. Woods*, 888 F.2d 653, 655 (10th Cir.1989), that is, "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." It should be noted that *Woods* held that there is no credit for time spent at a halfway house as a condition of release.

Likewise, in *Randall v. Whelan*, 938 F.2d 522 (4th Cir.1991), the Court of Appeals expressly determined that an inmate was not entitled to credit for pre-sentence time spent confined to an intensive drug rehabilitation center. The situation in *Randall* is directly on point to and dispositive of the issue now under consideration.

The Court recognizes that there is a split of authority among the courts of appeals, *See, Koray v. Sizer*, 21 F.3d 558, 561 (3rd Cir.1994), and that the Supreme Court has recently granted certiorari to consider the issue, *Reno v. Koray*, ── U.S. ──, 115 S.Ct. 787, 130 L.Ed.2d 779 (January 13,

1995).[1] However, this Court is bound by Fourth Circuit precedent and must apply the law as it currently exists in this Circuit. Although it is unlikely that the Supreme Court will conclude the *Koray* case prior to petitioner's scheduled release date, disposition of this matter is without prejudice to reconsideration in the event the Supreme Court arrives at a conclusion which is contrary to current Fourth Circuit law. Accordingly, it is

**ORDERED** that the petition for habeas relief, brought pursuant to 28 U.S.C. § 2241, be, and the same is hereby, **DENIED,** and that the above-styled civil action is **DISMISSED** without prejudice to reconsideration as more fully discussed herein. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the respondent. It is further

**ORDERED** that, if petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of this Order, pursuant to Rule 4, Federal Rules of Appellate Procedure.

---

1. It should be noted, however, that the Third Circuit in *Koray* explained that "official detention" does not include confinement in drug reha-bilitation facilities, where the defendant is receiving the benefit of the confinement. *Koray,* 21 F.3d at 567.