**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JOSE N. RIVERA, Defendant**

Crim. No. 318/1991

Territorial Court of the Virgin Islands

Div. of St. Croix

August 15, 1996

JULIO A. BRADY, ESQ., Attorney General, JOSEPH PONTEEN, ESQ., AAG, Department of Justice, Christiansted, St. Croix, U.S.V.I., *for Plaintiff*

GREGORY E. MILLER, ESQ., Christiansted, St. Croix, U.S.V.I., *for Defendant*

CABRET, *Judge*

## MEMORANDUM OPINION

THIS MATTER is before the Court on defendant's motion to grant credit for time served prior to sentencing. There is no question that a defendant convicted of a violation of Virgin Islands laws has a right, under V.I. CODE ANN. tit. 5, § 3674,[1] to receive credit for time spent in custody before his or her sentence begins. However, the issue at hand is whether the Territorial Court of the Virgin Islands has jurisdiction to consider a defendant's post-judgment motion for credit for time served in detention prior to his sentencing. For the reasons stated below, the Court determines that it does not have jurisdiction, and therefore denies the defendant's motion.

## FACTUAL BACKGROUND

Although the facts surrounding the crimes charged in this case are not in dispute, the Court will set forth a brief chronology of the events leading to this motion. During the early morning hours of May 23, 1991, defendant, Jose Rivera, was arrested on charges of Burglary and Grand Larceny. Later that same day, Judge Eileen Peterson found probable cause for the crimes charged and the defendant was advised of his rights and released on bail. On June 14, 1991, the defendant was arraigned pursuant to an Information filed by the Attorney General's office charging the defendant with

---

[1] § 3674, entitled "Credit for time in custody for lack of bail," provides in pertinent part that:
Whenever a person is accused of an offense and bail is allowed and . . . he is unable to secure bondsmen and is therefore held in custody while awaiting trial, and is thereafter sentenced to a term of imprisonment, his term of imprisonment shall be reduced by the time already spent in custody from the time of the arrest to the time when sentence is rendered. V.I. CODE ANN. tit. 5, § 3674 (1967).

one count each of Burglary Second Degree;[2] Grand Larceny;[3] Assault Third Degree;[4] and Possession of a Dangerous Weapon During the Commission of a Crime of Violence.[5] On September 4, 1991, the jury found the defendant guilty on all four counts charged in the Information. The Court, on October 4, 1991, sentenced the defendant to imprisonment for a period of ten (10) years, and defendant was taken into the custody and control of the Bureau of Corrections. A judgment was entered on October 11, 1991.

## DISCUSSION

Defendant correctly states that the Judgment and Commitment entered by this Court on October 11, 1991, failed to grant him credit for time served prior to the date of his sentencing. The Courts notes that defendant's motion fails to indicate the amount of time he allegedly was in custody prior to sentencing. From the record, it appears that the defendant may have spent thirty (30) days in pretrial detention. However, it is unnecessary for this Court to determine the length of the alleged prior custody because this Court lacks jurisdiction to consider defendant's motion for the following two reasons.

### a. Defendant's Motion Is Time-Barred

■ First, even though it is entitled a Motion to Grant Credit for Time Served Prior to Sentencing, the Court considers, and will treat defendant's motion as one brought pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure.[6] Rule 35(c) provides that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(c). Subsection "c"

---

[2] 14 V.I.C. § 443.

[3] 14 V.I.C. § 1083(1).

[4] 14 V.I.C. § 297(2).

[5] 14 V.I.C. § 2251(2).

[6] In the absence of local laws to the contrary, practice and procedure in the courts of the Virgin Islands shall be governed by the Federal Rules of Criminal Procedure. Terr. Ct. R. 7. The Court shall apply Rule 35(c) of the Federal Rules of Criminal Procedure, as no equivalent to Rule 35(c) exists in either the Territorial Court Rules or the Local Rules of Criminal Procedure.

does not provide any formalized method for bringing the error to the attention of the court and recognizes that the court could make the correction *sua sponte. See* Notes of Advisory Committee on Rules, 1991 Amendment.

■ ■ Regardless of whether the Court acts on its own, or addresses the motion of a party, the Court may only act within seven (7) days after the sentence is imposed. In this case, the defendant was sentenced on October 4, 1991, and the Judgment and Commitment was entered on October 11, 1991. As the time limit prescribed by Rule 35(c) has long since expired, the Court is without jurisdiction to consider the defendant's motion. *See Government of the Virgin Islands v. Gereau,* 16 V.I. 603 (3d Cir. 1979)(time limits under Rule 35 are jurisdictional and cannot be extended by order of the court).

### b. Defendant Must First Exhaust Administrative Remedies

■ Even if this Court did not treat defendant's motion as one brought pursuant to Rule 35, the Court is divested of jurisdiction because the Territorial Court is not the proper forum to address the computation of credit for time served. 5 V.I.C. § 3674[7] does not indicate which entity is responsible for computing credit for time served. Additionally, a search of case law indicates that this issue appears not to have been addressed by local courts before. However, the Supreme Court in *United States v. Wilson,* 112 S.Ct. 1351 (1992) was called upon to interpret 18 U.S.C. § 3585(b), the federal statute allowing credit for time spent in official detention prior to sentencing. The *Wilson* Court held that issues regarding credit for time served are matters within the province of the Attorney General's office, through the Bureau of Prisons, and sentencing courts do not have jurisdiction to grant credit for prior custody. Moreover, the Court in *Wilson* noted that "the arithmetical task of figuring out the exact date an offender will finish serving his sentence is essentially an administrative ministerial function." *Wilson,* 112 S.Ct. at 1356. Based upon the Supreme Court's analysis in *Wilson,* this Court determines that it is without jurisdiction to

---

[7] *See supra* note 1.

consider defendant's motion.[8] Defendant must therefore exhaust all available administrative remedies before he can request relief from this Court. Thus, defendant should direct this matter to the official with the authority to grant credit for presentence time served, the Attorney General of the Virgin Islands Department of Justice, through the Bureau of Corrections.

## CONCLUSION

For the reasons stated above, this Court concludes that the defendant's motion is time-barred and that it is presently without jurisdiction to address defendant's motion, as the Office of the Attorney General, through the Bureau of Corrections, is the appropriate forum for resolving matters relating to credit for time served. Accordingly, defendant's motion must be denied. An appropriate order will enter.

## ORDER

In accordance with the attached memorandum opinion of even date, it is hereby

ORDERED that defendant's motion to grant credit for time served prior to sentencing is DENIED.

DONE AND SO ORDERED this 15th day of August, 1996.

---

[8] *See also United States v. Braun*, 990 F.2d 98, 104 (3d Cir. 1993)(court held that district courts do not have jurisdiction to grant credit for prior custody); *Burgos v. Thompson*, 879 F. Supp. 37, 38 (N.D.W.Va 1995)(the appropriate credit for time spent in official detention is to be computed by the Attorney General); *Nissel v. Pearce*, 764 P.2d 224 (Or. 1988)(the sentencing judge simply has no authority to order or compute credit for presentence time served).