UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before the Court Sitting En Banc

 UNITED STATES, Appellee
 v.
 Specialist BENNIE B. GOGUE
 United States Army, Appellant

 ARMY 20050650

 7th Infantry Division and Fort Carson
 Donna M. Wright, Military Judge
 Colonel Kent R. Meyer, Staff Judge Advocate

For Appellant: Lieutenant Colonel Kirsten V.C. Brunson, JA; Major Charles
A. Kuhfahl, Jr., JA; Captain Danyele M. Jordan, JA (on brief); Major Fansu
Ku, JA; Captain Eugene Ham, JA.

For Appellee: Colonel John W. Miller II, JA; Lieutenant Colonel Michele B.
Shields, JA; Major William J. Nelson, JA; Lieutenant Colonel Anthony P.
Nicastro, JA, USAR (on brief); Lieutenant Colonel Francis C. Kiley, JA.

 18 May 2007

 -------------------
 DECISION
 -------------------

Per Curiam:

 On consideration of the entire record, including those matters
personally submitted by appellant, we hold the findings of guilty and the
sentence as approved by the convening authority correct in law and fact.
Accordingly, those findings of guilty and the sentence are AFFIRMED.*

* Appellant asserts the military judge erred by not awarding him pretrial
confine-ment credit for the period civilian authorities confined him, prior
to his court-martial, for unrelated state charges. Assuming arguendo
18 U.S.C. § 3585(b)(2)
does apply, the Supreme Court has opined that trial judges lack the
authority to calculate and apply pretrial confinement credit. United
States v. Wilson, 503 U.S. 329, 333 (1992) (“Congress has indicated that
computation of the credit must occur after the defendant begins his
sentence. A district court, therefore, cannot apply § 3585(b) at
sentencing.”). Based on Wilson, Federal Circuit Courts of Appeals have
consistently held district courts lack authority under 18 U.S.C. § 3585(b)
to grant pretrial confinement credit. See United States v. Morales-Madera,
352 F.3d 1, 15 (1st Cir. 2003); United States v. Rivers, 329 F.3d 119, 122
(2d Cir. 2003); Ruggiano v. Reish, 307 F.3d 121, 133 (3d Cir. 2002); United
States v. Barrera-Saucedo, 385 F.3d 533, 536 (5th Cir. 2004); United States
v. Crozier, 259 F.3d 503, 520 (6th Cir. 2001); United States v. Ross, 219
F.3d 592, 594 (7th Cir. 2000); United States v. Tindall, 455 F.3d 885, 888
(8th Cir. 2006); United States v. Peters, 470 F.3d 907, 909 (9th Cir.
2006); United States v. Gonzales, 65 F.3d 814, 822 (10th Cir. 1995); United
States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005); see also Virgin
Islands v. Rivera, 34 V.I. 98, 101-02 (1996) (consistent with Wilson); but
see United States v. Allen, 17 M.J. 126 (C.M.A. 1984) (holding accused
entitled to pretrial confinement credit pursuant to 18 U.S.C. § 3568, re-
codified at 18 U.S.C. § 3585(b)(1), related to the same offenses for which
he is tried and sentenced by court-martial).

 Appellant does not now assert any error on the part of the staff judge
advocate (SJA) regarding his description of appellant’s clemency matters in
the addendum to the post-trial recommendation (SJAR), or claim the SJA
presented “new matter” in that document. Furthermore, we find no prejudice
flowing from any ostensible errors in the SJAR addendum. Assuming
18 U.S.C. § 3585(b)(2) does apply to soldiers tried by court-martial,
applying the holdings in Wilson and its progeny, we find no error occurred
at trial. Our superior court has stated: “If there is no error in the
first instance at trial, we will not find prejudicial error in the failure
of . . . the court below to address the issue.” United States v. Welker,
44 M.J. 85, 89 (C.A.A.F. 1996). The burden appellant bears in asserting
post-trial error in the SJAR adden-dum is “‘some colorable showing of
possible prejudice.’” United States v. Scalo, 60 M.J. 435, 436-37
(C.A.A.F. 2005) (quoting United States v. Wheelus, 49 M.J. 283, 289
(C.A.A.F. 1998)). Having found no error at trial, we find no prejudicial
error in the SJA’s comments on appellant’s assertion of legal error. See
Welker, 44 M.J. at 89 (citing UCMJ art. 59(a)). We specifically find the
SJA’s use of the word “conviction” in the SJAR addendum does not constitute
“new matter” under the facts of this case.

SULLIVAN, Judge, joined by MAHER, Senior Judge, dissenting:

 In its summary affirmance, this court has elected to not address
appellant’s contention that the military judge erred by not awarding him
pretrial confinement credit for the period civilian authorities confined
him (prior to his court-martial) based on unrelated state charges. Not
only would I address the issue, I find appellant is entitled to confinement
credit, albeit not necessarily from the military judge.

 A military judge sitting as a special court-martial convicted
appellant, consistent with his pleas, of failing to go to his appointed
place of duty (two specifications), absence without leave (AWOL) (two
specifications), willfully disobeying a noncommissioned officer’s lawful
order, and wrongfully using controlled substances (twelve specifications),
in violation of Articles 86, 91, and 112a, Uniform Code of Military
Justice, 10 U.S.C. §§ 886, 891, and 912a [hereinafter UCMJ]. The convening
authority approved the adjudged sentence to a bad-conduct discharge,
confinement for ten months, forfeiture of $823.00 pay per month for ten
months, and reduction to Private E1, and credited appellant with one day of
Article 13, UCMJ, credit against his sentence to confinement.

 In a single assignment of error, appellate defense counsel assert the
military judge erred by not awarding appellant pretrial confinement credit
for the period civilian authorities confined him prior to his court-martial
based on unrelated state charges. Appellate government counsel respond by
arguing that even if appellant were entitled to such credit pursuant to
18 U.S.C. § 3585(b)(2) (“Credit for prior custody”),[1] appellant has
failed to show he has not already been granted credit for this time against
another state or federal sentence to confinement.

 A resolution of the assigned error requires consideration of two
questions, both of which appear to be issues of first impression before
this court. First, does 18 U.S.C. § 3585(b)(2) apply to a military accused
tried by court-martial, thereby affording him credit for civilian pretrial
confinement based on charges for which he was not tried by court-martial?
Second, if 18 U.S.C. § 3585(b)(2) applies to a military accused, are
military trial judges responsible for calculating and applying this
credit—credit for lawful civilian pretrial confinement imposed “as a result
of any other charge for which [an accused] was arrested after the
commission of the offense for which the sentence was imposed [at court-
martial, which] . . . has not been credited against another sentence?”
18 U.S.C. § 3585(b)(2) (emphasis added).

 In my opinion, 18 U.S.C. § 3585(b)(2) applies to a military accused
tried by court-martial, and affords him pretrial confinement credit for
such unrelated crimes. I believe that our superior court’s ruling in
United States v. Allen, 17 M.J. 126 (C.M.A. 1984), compels such a
conclusion. I would, however, follow the consensus of the Federal Circuit
Courts of Appeals, and decline to accept appellate counsel’s suggestion to
extend the responsibility for calculating and applying § 3585(b)(2) credit,
i.e., “unrelated crimes credit,” in every case to military trial judges.
That responsibility can more properly be addressed by convening authorities
or by confinement facility officials.

 FACTS

 Background[2]

 Between August 2004 and February 2005, appellant repeatedly abused
cocaine, marijuana, methamphetamine, and ecstasy. Based on this
misconduct, the government charged appellant, inter alia, with twelve
specifications alleging wrongful use of these controlled substances. On 31
May 2005, a court-martial tried appellant for his illegal drug use and
other military-specific offenses.

 Earlier, on 18 January 2005, El Paso County, Colorado, police officers
arrested appellant for illegally possessing a controlled substance;
appellant was charged only under state law for this particular offense.[3]
On 21 January 2005, appellant posted bond securing his release. Appellant,
however, failed to appear at a required El Paso County court hearing on
23 February 2005 for his state drug possession charge; this failure to
appear caused the issuance of a bench warrant for his arrest.

 On 2 March 2005, appellant went AWOL and, at his parents’ behest, on
5 March 2005, voluntarily admitted himself to the Denver Health Medical
Center. Appellant’s parents later notified his unit regarding his course
of action. Thereafter, on 8 March 2005, officers from the Denver Police
Department arrested appellant at the Denver Health psychiatric ward based
on the outstanding El Paso County arrest warrant.[4] On or about 14 March
2005, Denver authorities released appellant into the custody of El Paso
County law enforcement. Appellant could not post bond and remained
confined in El Paso County until 31 May 2005, the date of his court-
martial.

 Motions at Court-Martial

 During an Article 39(a) session before arraignment, the parties agreed
appellant’s state failure-to-appear and drug possession offenses were
unrelated to the charges and specifications for which appellant was tried
by court-martial. Trial counsel acknowledged: (1) the government did not
charge appellant with the state offenses; (2) appellant remained in
civilian pretrial confinement until 31 May 2005; and (3) appellant’s
civilian charges were still pending at the time of court-martial. While
trial counsel also agreed appellant was entitled to one day of Article 13
credit, he opposed the defense motion for civilian pretrial confinement
credit from 9 March 2005 to 31 May 2005. Trial counsel argued, and the
military judge agreed, that the cases upon which the defense relied
concerned civilian pretrial confinement credit for civilian offenses for
which the accused was subsequently tried by court-martial and sentenced.
In denying the defense motion, the military judge concluded:

 18 U.S.C. 3585 provides for credit when the accused is detained,
 “As a result of the offense for which the [court-martial]
 sentence was imposed.” It is true that detention need not be at
 the request of the military or even with the military’s
 knowledge in order for credit to be given. But here, when the
 detention is for an offense wholly unrelated and not charged by
 the government, no sentencing credit is warranted.

While the military judge correctly quoted 18 U.S.C. § 3585(b)(1), i.e.,
“same crimes credit,” she failed to consider 18 U.S.C. § 3585(b)(2), i.e.,
“unrelated crimes credit,” which trial defense counsel discussed almost
exclusively in his written motion for appropriate relief, and argued during
the motions hearing.

 Post-Court-Martial Confinement

 Following court-martial adjournment on 31 May 2005, appellant returned
to the El Paso County jail where he remained for several additional weeks
awaiting his state trial. On 23 June 2005, an El Paso County trial judge
convicted appellant, consistent with his pleas, of illegally possessing a
controlled substance, and sentenced appellant to eighteen months of
probation without any confinement. After the state trial concluded,
appellant returned to the El Paso County jail. On 28 June 2005, El Paso
County authorities released appellant to military authorities and, on that
same day, appellant entered post-trial confinement at the Fort Lewis
Regional Confinement Facility to serve his court-martial sentence.
According to appellant’s two sentence computation worksheets filed with
this court, appellant received no credit for any of his civilian
confinement.

 Post-Trial Review

 On 18 July 2005, trial defense counsel submitted clemency matters to
the convening authority on appellant’s behalf pursuant to Rule for Courts-
Martial [hereinafter R.C.M.] 1105. He asserted the military judge made a
“serious legal error” at trial by “not crediting [appellant] for the 77
days he served in [civilian pretrial] confinement.” Trial defense counsel
also acknowledged the civilian offenses were unrelated to appellant’s court-
martial, cited 18 U.S.C. § 3585(b) as the basis for the credit, and stated:
 “The law is clear: a defendant must be given credit for confinement, even
though the confinement is entirely unrelated to the charge for which the
defendant is ultimately convicted.” In the 29 July 2005 addendum to the
staff judge advocate (SJA) recommendation (SJAR), the SJA disagreed with
the assertion of legal error, which he described as follows:
“Additionally, the defense counsel alleges that the military judge
committed legal error by not ordering that [appellant] receive confinement
credit for time served on a civilian conviction. I disagree.” The
convening authority granted no confinement credit.

 Posture on Appeal

 Appellate defense counsel now assert the military judge erred by not
awarding appellant “an additional seventy-seven days of pretrial
confinement credit, from 9 March 2005 until 31 May 2005,” for the period
civilian authorities confined appellant for unrelated state offenses prior
to his court-martial.[5] The defense argues: (1) 18 U.S.C. § 3585(b)
mandates that appellant receive credit against his court-martial sentence
because he “did not receive credit for [civilian pretrial] confinement from
any other state or federal jurisdiction;” and (2) the military judge, while
considering 18 U.S.C. § 3585(b)(1), “failed to consider paragraph (b)(2),”
which relates to credit for any other charge for which appellant was
arrested, not sentenced as a result of his court-martial, and for which he
has not received credit.

 LAW and DISCUSSION

 Standard of Review

 This court reviews de novo questions of law regarding whether an
appellant is entitled to pretrial confinement credit and the proper
application of such credit. United States v. Spaustat, 57 M.J. 256, 260
(C.A.A.F. 2002); United States v. Smith, 56 M.J. 290, 292 (C.A.A.F. 2002).

 Federal Statute

 In 1984, Congress passed the Sentencing Reform Act. See Pub. L. No.
98-473, 98 Stat. 1837, 2001 (1984). Codified in part at 18 U.S.C.
§ 3585(b), and effective in 1987 by operation of law, the statute provides
in pertinent part:

 A defendant shall be given credit toward the service of a
 term of imprisonment for any time he has spent in official
 detention prior to the date the sentence commences—

 (1) as a result of the offense for which the sentence was
 imposed;[[6]] or

 (2) as a result of any other charge for which the defendant
 was arrested after the commission of the offense for which the
 sentence was imposed;

 that has not been credited against another sentence.[[7]]

Prior to the United States Supreme Court opinion in United States v.
Wilson, 503 U.S. 329 (1992) (relieving federal trial judges from the duty
of calculating and applying pretrial confinement credit), our superior
court, in Allen, 17 M.J. at 126, discussed the applicability of § 3568 to
courts-martial and held an accused is entitled to credit for military
pretrial confinement related to offenses for which he is tried and
sentenced by court-martial. Starting with its 1984 opinion in Allen, our
superior court imposed a duty upon trial-level military judges to provide
“same offense” pretrial confinement credit to the accused. See, e.g.,
United States v. Dave, 31 M.J. 940, 942 (A.C.M.R. 1990) (Allen credit for
pretrial confinement directed by local civilian authorities); United States
v. Huelskamp, 21 M.J. 509 (A.C.M.R. 1985) (Allen credit for pretrial
confinement directed by military authorities and implemented in civilian
jail); see also United States v. Pinson, 54 M.J. 692, 694-95 (A.F. Ct.
Crim. App. 2001) (Allen credit for pretrial confinement directed by a
foreign government).

 Applicability of 18 U.S.C. § 3585(b)(2) to a Military Accused

 The Allen court “interpreted Department of Defense Instruction (DODI)
1325.4 as subjecting the military to the procedures employed by the
Department of Justice (DOJ) for sentence computation” despite 18 U.S.C.
§ 3568’s specific exemption of offenses triable by any military tribunal,
including court-martial:

 The appellant in Allen argued that “while Congress decided not
 to make § 3568’s provisions mandatory for the military, the
 Secretary of Defense ha[d] . . . voluntarily adopted them on the
 basis of [DODI 1325.4].” Allen, 17 M.J. 127. The Court of
 Military Appeals agreed and required day-for-day credit for
 periods of pretrial military confinement.

United States v. DeLeon, 53 M.J. 658, 659-60 (Army Ct. Crim. App. 2000)
(alterations in original).

 In its 2002 Smith opinion, our superior court discussed its holding
in Allen, noting the 1968 version of DODI 1325.4 “was later revised and
reissued as DODI 1325.7 (July 17, 2001), without significant change to the
provision at issue.” Smith, 56 M.J. at 293.[8] While the court refused to
expand the application of lawful pretrial confinement credit where an
appellant was not sentenced to confinement, it nevertheless applied the
Allen ruling to the successor statute to 18 U.S.C. § 3568: “As written, 18
U.S.C. § 3585(b) and DODI 1325.7 apply . . . to prisoners serving sentences
to confinement.” Id. The Smith court, however, did not discuss which
authority is initially responsible for calculating and applying § 3585(b)
credit. Given the addition of an entirely new category for credit for
qualifying unrelated offenses that was not in effect when Allen was
decided,[9] the issue of appropriate authority is of some complexity as it
requires setting a course consistent both with our superior court’s holding
in United States v. Allen, supra, and the Supreme Court’s holding in United
States v. Wilson, supra.

 Calculation of 18 U.S.C. § 3585(b)(2) Credit

 In Wilson, the United States Supreme Court addressed “whether the
District Court calculates [pretrial confinement] credit at the time of
sentencing or whether the Attorney General computes it after the defendant
has begun to serve his sentence.” 503 U.S. at 330. The Court held the
Attorney General computes credit pursuant to 18 U.S.C. § 3585(b) after a
sentenced prisoner begins serving his sentence to confinement: “Congress
has indicated that computation of the credit must occur after the defendant
begins his sentence. A district court, therefore, cannot apply § 3585(b)
at sentencing.” Id.

 One sister service court, applying Allen, has granted confinement
credit based on 18 U.S.C. § 3585(b)(2) where the state confined appellant
for possessing a controlled substance (ecstasy), eventually elected not to
prosecute the possession charge, and appellant’s court-martial included
distribution of ecstasy in the period immediately preceding his state
possession arrest. United States v. Sherman, 56 M.J. 900, 901-02 (A.F. Ct.
Crim. App.) (granting five days of pay to compensate appellant for the five
days of confinement credit he should have received under 18 U.S.C. §
3585(b)(2)), pet. denied, 57 M.J. 467 (C.A.A.F. 2002).

 Since the Supreme Court’s 1992 decision in Wilson, as noted in the
majority’s footnote, our colleagues in the federal judiciary have
consistently held that district courts lack authority under 18 U.S.C. §
3585(b) to calculate and grant pretrial confinement credit. For example,
in United States v. Peters, 470 F.3d 907 (9th Cir. 2006), the Ninth Circuit
held:

 The district court lacked authority under 18 U.S.C. §
 3585(b) to grant Peters credit for the time he had served after
 his arrest. In [Wilson,] the Supreme Court held that § 3585(b)
 does not authorize a district court to compute credit for time
 served. Rather, the prerogative to grant credits in the first
 instance rests with the Attorney General, acting through the
 Bureau of Prisons. Further-more, under § 3585’s statutory
 scheme, credits cannot be calculated until the defendant
 commences serving his sentence. Following Wilson, we have held
 that district courts lack authority at sentencing to give credit
 for time served. [United States v.] Lualemaga, 280 F.3d [1260,]
 1265 [(9th Cir. 2002)] (“The initial calculation [of credit for
 time served] must be made by the Attorney General acting through
 the Bureau of Prisons.”).

Id. at 909 (internal footnote and citations omitted) (last alteration in
original).

 Military trial judges are in no better position than their federal
civilian counterparts to determine the appropriate amount of unrelated
crimes credit to be given an accused when unrelated state offenses are
pending adjudication. A grant of pretrial confinement credit pursuant to
our superior court’s opinion in Allen, its progeny, and § 3585(b)(1), i.e.,
“same crimes credit,” rests upon circumstances often markedly different
than those which a military judge faces when an accused requests §
3585(b)(2) “unrelated crimes credit.” When military judges grant Allen
credit based on civilian pretrial confinement for a state offense for which
the accused is being tried by court-martial, the civilian pretrial
confinement period is necessarily defined. Generally speaking, although
technically separate sovereigns, both state and military (federal)
authorities do not usually subject an accused to criminal proceedings for
the same offense. See, e.g., Army Reg. 27-10, Legal Services: Military
Justice, para. 4-2 (16 Nov. 2005) (“A person subject to the UCMJ who has
been tried in a civilian court may, but ordinarily will not, be tried by
court-martial or punished under the UCMJ, Art.15, for the same act over
which the civilian court has exercised jurisdiction.”). State authorities
generally agree not to prosecute the military accused for his state
offenses, and release him from state custody to military control. Thus, an
accused’s court-martial for the “same crime” generally acts as a de facto
termination of state criminal proceedings. After obtaining the
commencement and termination dates for civilian pretrial confinement—dates
obtained before the trial by court-martial begins—the parties know exactly
how long the state officially detained the accused, and can convey this
information to the military judge. The same, however, cannot always be
said when credit is based on unrelated crimes.

 State governments, i.e., non-military sovereigns, have exclusive
control over their own civilian criminal processes. They impose civilian
pretrial confinement, set the amount and terms of bail, and schedule their
own trial dates. Military trial judges are not automatically privy to this
information, and in most instances do not know an accused is facing
unrelated state charges for which he has been placed in civilian pretrial
confinement. Where the Rules for Courts-Martial and Military Rules of
Evidence permit, the parties may raise these matters in extenuation or
mitigation, in aggravation, or as evidence supporting a potential sentence
credit. See, e.g., R.C.M. 1001(b)(1)–(4) and 1001(c)(1)–(3). Absent such
a showing at court-martial, unrelated crimes, civilian pretrial confinement
based upon them, and any sentence imposed by a non-military sovereign do
not play a role at court-martial.

 Arguably, where an accused raises unrelated crimes matters, a
military judge could grant credit for time the accused has spent in
civilian pretrial confinement prior to court-martial. However appealing
that option might be, it remains untenable unless, prior to court-martial,
an accused has been convicted and sentenced in state court and released
from state confinement. First, as in the instant case, an accused may be
returned to civilian pretrial confinement after his trial by court-martial
pending adjudication of his state offenses. An accused who receives
partial credit for the civilian pretrial confinement period known at the
time of court-martial risks losing credit against his military sentence to
confinement for any continued civilian confinement imposed after the court-
martial adjourns. In most cases, as here, military judges will not know an
accused has been returned to state custody for state criminal proceedings,
and will not know the length of any continued state confinement. In this
case, appellant remained in state confinement for approximately one month,
of which we may presume the military judge had no knowledge. Moreover,
military judges cannot speculate about the length of continued civilian
confinement, or grant anticipatory credit. Such decisions would be
arbitrary and capricious.

 Second, and more important, the Court in Wilson, 503 U.S. at 333,
stated: “Congress has indicated that computation of the credit must occur
after the defendant begins his sentence. A district court, therefore,
cannot apply § 3585(b) at sentencing.” (Emphasis added.) A military
accused begins serving his sentence to confinement after his court-martial
adjourns. In harmony with Wilson, R.C.M. 1113(d) provides in pertinent
part:

 (2) Confinement.

 (A) Effective date of confinement. Any period of
 confinement included in the sentence of a court-martial begins
 to run from the date the sentence is adjudged by the court-
 martial, but the following shall be excluded in computing the
 service of the term of confinement:

 . . . .

 (ii) Periods during which the accused is in custody of
 civilian authorities under Article 14 from the time of the
 delivery to the return to military custody, if the accused was
 convicted in the civilian court.

Therefore, if a military judge grants partial credit for known civilian
pretrial confinement time, he acts prematurely and contrary to Congress’
statutory mandate. Under Wilson and R.C.M. 1113 (d)(2)(A)(ii), appellant’s
military sentence appears to have run from 28 June 2005, the date he was
returned to military control, not from 31 May 2005, the date the court-
martial sentenced him to confinement.

 Third, a military judge risks fostering a violation of § 3585(b) by
granting premature partial pretrial confinement credit. If a state trial
judge sentences an accused to confinement for his unrelated state offenses,
that judge may also grant the accused the civilian pretrial confinement
credit already applied against his military sentence to confinement. A
grant of partial civilian pretrial confinement credit at court-martial
potentially allows a grant of double credit, an unintended—and
prohibited—consequence that military judges must avoid.

 As the facts in this case illustrate, after appellant’s court-martial
adjourned on 31 May 2005, he was convicted in state court for drug
possession, sentenced to no confinement, and returned to civilian
confinement until he was transferred to the Fort Lewis Regional Confinement
Facility on 28 June 2005. Although the parties told the military judge
appellant spent time in civilian pretrial confinement before his court-
martial began, they could not have calculated any post-court-martial
civilian confinement time, or determined the state sentence. Since
appellant was sentenced in state court almost one month after his court-
martial adjourned, the military judge could not have known the state
sentence, or whether (and to what extent) it was offset by civilian
pretrial confinement credit.

 Thus, I would require that an accused seeking unrelated crimes credit
under 18 U.S.C. § 3585(b)(2) provide to the convening authority in his
clemency submission under R.C.M. 1105 or to the confinement facility
commander the following adequately-supported information, at a minimum:
(1) he was in official detention during the period claimed; (2) the
official detention resulted from an offense the accused committed after he
committed the offense for which he was tried and sentenced by court-
martial; (3) he was not tried by court-martial for the subsequent,
unrelated offense; and (4) the period claimed has not been credited against
another sentence.

 SJAR Error

 I see one final issue in this case. In the SJAR addendum, the SJA
informed the convening authority that trial defense counsel alleged “the
military judge committed legal error by not ordering that [appellant]
receive confinement credit for time served on a civilian conviction.”
(Emphasis added.) This language can be read in one of two ways. First, it
may be interpreted as the SJA’s misunderstanding of the asserted legal
error. The defense was seeking pretrial confinement credit for time
appellant spent in civilian confinement before his state trial, not
civilian post-trial confinement credit resulting from a state conviction.
Interpreted this way, the SJA’s statement mischaracterized the asserted
legal error and provided inaccurate—and potentially prejudicial—advice to
the convening authority. While R.C.M. 1106 (d)(4) does not require the SJA
to discuss an assertion of legal error, see United States v. Broussard, 35
M.J. 665, 671 (A.C.M.R. 1992), when the SJA summarizes rather than
references the alleged error, the summary should be correct. Although the
SJAR addendum “disagrees” that there was legal error, it disagrees with an
error different from the one actually asserted. When the SJAR addendum
fails to respond to a potentially meritorious assertion of legal error, the
SJA commits error requiring relief if an “appellate court . . .
determine[s] . . . the accused has been prejudiced.” United States v.
Hill, 27 M.J. 293, 296 (C.M.A. 1988); see United States v. Welker, 44 M.J.
85, 88-89 (C.A.A.F. 1996) (reaffirming Hill).

 Alternatively, the SJAR addendum may be interpreted as intentionally
referring to appellant’s state drug conviction because appellant was
convicted of this offense after his court-martial, but before initial
action by the convening authority. Interpreted this way, the SJA’s
statement constituted “new matter,” which required service upon appellant
for comment because appellant’s state conviction was matter from outside
the record of trial, not previously discussed, and not included in the
defense clemency submission. See R.C.M. 1106(f)(7) and discussion.
Failure to serve new matter on the defense requires remand for a new
recommendation and action. See, e.g., United States v. Harris, 43 M.J.
652, 653-54 (Army Ct. Crim. App. 1995) (mention of nonjudicial punishment
for the first time in addendum required service on defense counsel for
comment). Because the SJA’s statement in the SJAR addendum is susceptible
to more than one interpretation, I would return the record for a new R.C.M.
1106 recommendation and action by the convening authority.

 CONCLUSION

 In conclusion, I find appellant is entitled to confinement credit,
albeit not necessarily from the military judge. In future cases, I would
require an accused seeking unrelated crimes credit under 18 U.S.C.
§ 3585(b)(2) to request such credit from the convening authority or the
confinement facility commander. Appellant’s case should be sent back to
The Judge Advocate General for return to the convening authority for a new
recommendation and action.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] 18 U.S.C. § 3585 provides in pertinent part for sentence credit for
time “spent in official detention prior to the date the sentence commences
(1) as a result of the offense for which the sentence was imposed, or (2)
as a result of any other charge for which the defendant was arrested after
the commission of the offense for which the sentence was imposed; that has
not been credited against another sentence.”
[2] The record of trial developed below poorly delineates the circumstances
surrounding appellant’s civilian confinement; the record was supplemented
at the court’s request by appellate pleadings, an affidavit and supporting
documents filed by the government, and matters subsequently filed by the
defense pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982).

[3] Appellant committed this state offense after he committed most of the
military offenses for which he was convicted and sentenced by the instant
court-martial.

[4] In Specification 2 of Additional Charge I, the government charged
appellant with an AWOL period that began “on or about 2 March 2005,” and
ended “on or about 9 March 2005,” the time of this civilian arrest.
[5] This appears to be an undercount. Appellant spent 18–21 January 2005
(four days) and from 8 March 2005 to 31 May 2005 (eighty-five days) in
civilian pretrial confinement preceding his trial by court-martial.
Further, as noted above, after the court-martial adjourned but before he
began serving his court-martial sentence, appellant returned to the El Paso
County jail pending his state trial and spent 1–23 June 2005 in
civilian confinement pertaining to his unrelated state offenses and 23–28
June 2005 in state confinement pending transportation to the military
confinement facility to begin serving his court-martial sentence.
[6] Section 3585(b)(1) reiterates the language found in 18 U.S.C. § 3568.
See Act of June 22, 1966, Pub. L. No. 89-465, § 4, 80 Stat. 214, 217 (Bail
Reform Act repealed in 1984 upon the enactment of § 3585).

[7] See generally Jonah v. Carmona, 446 F.3d 1000, 1003-04 (9th Cir. 2006)
(discus-sing predecessor statutes and history of 18 U.S.C. § 3585).
[8] Dep’t of Def. Instr. 1325.7, Administration of Military Correctional
Facilities and Clemency and Parole Authority, para. 6.3.1.5 (17 July 2001)
(C1, 10 June 2003) states in pertinent part: “Procedures used to compute
sentences shall conform to those established by the Department of Justice
for Federal prisoners unless they conflict with this Instruction . . . or
existing Service regulations.” Our existing service regulation, Army Reg.
633-30, Apprehensions and Confinement: Military Sentences to Confinement,
para 4a. (28 Feb. 1989), addresses only the situation where the offenses
are related: “If a prisoner served pretrial confinement for the offense(s)
or act(s) for which the sentence was imposed, the beginning date will be
administratively adjusted to reflect the time spent in pretrial confinement
and any additional pretrial confinement credit ordered by the military
judge, convening authority[,] or appellate court.” I do not read its
silence on the specific issue of confinement for unrelated offenses by a
separate sovereign as a conflict which allows us to ignore the exhortation
of DODI 1325.7.

[9] When Congress enacted 18 U.S.C. § 3585(b), the statute afforded
defendants two types of pretrial confinement credit:

 Under the old law, a defendant could receive credit only for
 time spent in custody in connection with “the offense . . .
 for which sentence was imposed.” Under [18 U.S.C. § 3585(b)], a
 defendant may receive credit both for this time and for time
 spent in official detention in connection with “any other charge
 for which the defendant was arrested after the commission of the
 offense for which the sentence was imposed.”

Wilson, 503 U.S. at 337 (first alteration in original); see also note 6 and
7, supra.