**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

BRETT ANDREW PETERS,
        *Defendant-Appellant.*

No. 06-50508

D.C. No.
CR-05-01074-RZ-1

OPINION

Appeal from the United States District Court
for the Central District of California
Ralph Zarefsky, Magistrate Judge, Presiding

Argued and Submitted
November 16, 2006—Pasadena, California

Filed December 12, 2006

Before: Betty B. Fletcher, Richard D. Cudahy,* and
Susan P. Graber, Circuit Judges.

Per Curiam Opinion

---

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge
for the Seventh Circuit, sitting by designation.

19373

## COUNSEL

Christopher Tayback, Bridget Morris, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, California, for the defendant-appellant.

Debra Wong Yang, United States Attorney, and Thomas P. O'Brien, Michael J. Raphael, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellee.

## OPINION

PER CURIAM:

Brett A. Peters appeals from the district court's judgment revoking his probation, sentencing him to four months' imprisonment, and granting him credit for time served between his arrest for probation violation and his sentencing. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. §§ 636(c)(3), 1291, and we affirm the judgment as amended.

## I.   Facts and Procedural History

Peters consumed a number of alcoholic beverages and then boarded a flight during which he became increasingly obnoxious and ended up assaulting a fellow passenger. He pled guilty to assault in violation of 18 U.S.C. § 113(a)(4). On June 5, 2006, the district court sentenced Peters to a two-year

term of probation, during the first six months of which he was required to serve weekend jail time, to abstain from drinking alcohol, and to complete any drug treatment program ordered by the United States Probation Office.

On or about June 14, 2006, police arrested Peters, who had a blood alcohol level of .263 percent. On July 20, 2006, Peters absconded from a residential drug treatment center at which he had been ordered to reside. On August 18, 2006, Peters admitted to having violated both of the alcohol-related conditions of his probation. This district court revoked Peters's probation and sentenced him to four months in custody, "with credit for time served from the defendant's arrest on August 9, 2006." Peters appealed the district court's refusal to give him credit against the four months for the ten days of weekend time he had spent in custody under the terms of his probation.

## II.   Standards of Review

We review *de novo* a district court's legal authority under 18 U.S.C. § 3585(b) to grant prison credit. *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002). We review for reasonableness a sentence imposed upon revocation of probation. *United States v. Miqbel*, 444 F.3d 1173, 1176 & n.5 (9th Cir. 2006).

## III.   Discussion

[1] The district court lacked authority under 18 U.S.C. § 3585(b) to grant Peters credit for the time he had served after his arrest.[1] In *United States v. Wilson*, 503 U.S. 329, 334 (1992), the Supreme Court held that § 3585(b) does not

---

[1]In contrast to its lack of authority to calculate *credit* for time served, a district court does have authority to *sentence* a defendant to time served. *See United States v. Luna-Orozco*, 321 F.3d 857, 860 (9th Cir. 2003) (affirming sentence of time served).

authorize a district court to compute credit for time served. Rather, the prerogative to grant credits in the first instance rests with the Attorney General, acting through the Bureau of Prisons. *Id.* at 334-35. Furthermore, under § 3585's statutory scheme, credits cannot be calculated until the defendant commences serving his sentence. *Id.* at 333. Following *Wilson*, we have held that district courts lack authority at sentencing to give credit for time served. *Lualemaga*, 280 F.3d at 1265 ("The initial calculation [of credit for time served] must be made by the Attorney General acting through the Bureau of Prisons.").

**[2]** Because the district court lacked authority to grant credit under § 3585(b) in the first place, it did not exceed its authority in refusing to give Peters credit for the weekend days he had spent in custody as a condition of his probation. However, the district court's grant of credit for the time Peters had served in custody pursuant to his arrest exceeded its authority, and we strike from the judgment the phrase "with credit for time served from the defendant's arrest on August 9, 2006." *See United States v. Long*, 301 F.3d 1095, 1108 (9th Cir. 2002) (per curiam) (striking conviction entered in violation of double jeopardy clause and affirming judgment as amended); *Royal Indemnity Co. v. Olmstead*, 193 F.2d 451, 456 (9th Cir. 1951) (striking $5,000 from judgment). Thus amended, the judgment and sentence are **AFFIRMED**.