**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANNON MICHELLE CLARK,

Defendant - Appellant.

No. 10-30105

D.C. No. 2:08-cr-00020-DWM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Shannon Michelle Clark appeals from her eight-month sentence imposed

following revocation of probation.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Clark contends the district court failed to recognize that her alcohol abuse was caused by stressors in her life, and imposed a substantively unreasonable sentence. The record reflects that the district court did not procedurally err and that, in light of the totality of the circumstances, the district court did not abuse its discretion because the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam) (stating that sentences imposed upon revocation of probation are reviewed for reasonableness).

Clark also challenges the special condition of supervised release that prohibits her from entering any establishment where alcohol is the primary item of sale unless granted permission by the probation office for employment purposes only. She argues that this condition is overbroad and unnecessarily interferes with her ability to earn a living as a dancer at gentlemen's clubs and bars. The record indicates that this condition is narrowly tailored and is not a greater deprivation of liberty than reasonably necessary to promote the goals of deterrence, protection of the public, and rehabilitation. *See United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). Therefore, the district court did not plainly err. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008).

**AFFIRMED.**

10-30105