**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50585 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00211-DDP-1 |
| v. | |
| DILLON SHAREEF, AKA Nuraldin Shareef Karim, AKA Seal, AKA Dillon Sherif, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 7, 2012
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Dillon Shareef pleaded guilty to three counts of mail fraud under 18 U.S.C.

§ 1341 with enhanced penalties under 18 U.S.C. § 2326 for victimizing the elderly

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

as part of telemarketing fraud. He appeals his sentence of 171 months of imprisonment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err when it refused to calculate and grant time-served credit for Shareef's incarceration in Canada and the United Kingdom while he awaited extradition on these charges. "[D]istrict courts lack authority at sentencing to give credit for time served." *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (applying *United States v. Wilson*, 503 U.S. 329 (1992)). "[T]he prerogative to grant credits in the first instance rests with the Attorney General, acting through the Bureau of Prisons." *Id.* at 909 (citing *Wilson*, 503 U.S. at 333-35). Not only was there no error here, but the government has shown that Shareef was accorded credit for time-served by the Bureau of Prisons.

2. The district court properly rejected Shareef's request for a two-level reduction in his offense level because he consented to extradition pursuant to U.S.S.G. §5K2.0. The agreement regarding this potential reduction in offense level was part of a plea offer that Shareef never accepted. Therefore, Shareef was not entitled to the benefit of the proposed plea agreement. *Cf. United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000) ("Plea agreements are contractual in nature and are measured by contract law standards.").

3. The district court did not err when it calculated Shareef's sentence under U.S.S.G. §2F1.1 using a loss amount of $1.8 million. At sentencing, Shareef

explicitly withdrew the objection he had made to the higher loss amount set forth in the Presentence Report.  When the district court reduced the loss amount to $1.8 million, counsel stated that he did not dispute that amount.  Claims of sentencing errors that were forfeited at sentencing are reviewed for plain error.  *United States v. Evans-Martinez*, 530 F.3d 1164, 1167 (9th Cir. 2008).  To determine whether there was plain error, we apply the familiar test set out in *United States v. Olano*, 507 U.S. 725, 733 (1993).  Here, there was no error, let alone a clear error affecting substantial rights, in the district court's determination of a loss amount that Shareef agreed to at sentencing.

**AFFIRMED.**