NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50493 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00577-GHK-1 |
| v. | |
| EDWARD WYMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted February 8, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Defendant-Appellant Edward Wyman appeals his conviction for knowingly

storing hazardous wastes without a permit in violation of the Resource

Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928(d)(2)(A), and for

knowingly endangering others in violation of 42 U.S.C. § 6928(e). He also appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the district court's restitution order of $799,117.18. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** The district court did not abuse its discretion in rejecting Wyman's guilty plea. A district court must ensure there is a factual basis for a guilty plea, that the plea is voluntary, and that the defendant understands, among other things, the nature of the charges, the district court's sentencing obligations and authority, and any minimum and maximum sentences. Fed. R. Crim. P. 11(b)(1)-(3).

Wyman adamantly refused to admit that the materials he had accumulated and stored were hazardous wastes, a condition of his plea agreement. *See United States v. Mancinas-Flores*, 588 F.3d 677, 685 (9th Cir. 2009) (explaining that a court may reject a plea for lack of a factual basis where the "defendant had denied committing a specific element of the offense or protested his innocence even after demonstrating that he understood the charge"). Wyman also (a) said that he signed the agreement only because the prosecutor imposed a deadline, (b) expressed continuing confusion over the possible maximum sentence, and (c) said that he had not known the district court had the discretion to depart from what the plea agreement recommended. *See Tanner v. McDaniel*, 493 F.3d 1135, 1146-47 (9th

---

[1] Because the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

Cir. 2007) (holding that a guilty plea is voluntary and knowing only if the defendant understands the range of allowable punishment). Because Wyman's plea lacked a proper factual basis and was not voluntary, knowing, and intelligent, the district court was within its discretion to reject the plea.

2.     Assuming without deciding that the district court abused its discretion in excluding the proposed testimony of Dr. Carole Morgan, any such error was harmless. *See United States v. Liera*, 585 F.3d 1237, 1244 (9th Cir. 2009). The evidence of Wyman's guilt was overwhelming, dwarfing any impact Dr. Morgan's testimony might have had. In addition, the jury heard testimony from Wyman's ex-wife and daughter that mirrored what Dr. Morgan would have testified to; namely, that Wyman was a hoarder and that he thought the materials he was storing were not wastes.

3.     The district court erred in imposing $799,117.18 in restitution as a condition of Wyman's sentence, rather than of supervised release. *See* 18 U.S.C. §§ 3563(b)(2), 3583(d); *United States v. Batson*, 608 F.3d 630, 633 (9th Cir. 2010). We have the authority to amend the judgment without vacating it and remanding. *See United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam) (striking sentence from the judgment and listing similar cases).

3

Exercising that authority here, the judgment (District Court Docket No. 118) is amended to read, in relevant part: "It is ordered that, *as a condition of the defendant's supervised release*, the defendant shall pay restitution in the total amount of $799,117.18 to the victim listed in the government's sentencing position paper." In addition, the judgment is amended to delete the following sentence: "Any unpaid balance of the restitution amount ordered shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program."

**AFFIRMED.**