**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30262 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00079-RMP-1 |
| v. | |
| TRACY A. MCKENZIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted February 4, 2016
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

Rule 36 of the Federal Rules of Criminal Procedure allows a district court to correct "a clerical error" in a judgment. Fed. R. Crim. P. 36. McKenzie argues that when the district court entered the judgment in his case, she "erred" by failing to award him credit for the time he spent in state custody prior to the date he was to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

begin serving his federal sentence. But the district court had no authority to award McKenzie credit for time served, even had she wanted to; only the Attorney General, through the Bureau of Prisons, may grant defendants credit for time served prior to the start of their federal sentences. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006). The district court's failure to do something she was forbidden from doing was not an "error"—clerical or otherwise—that can be "corrected" via Rule 36.

That is not to say that McKenzie has no right to judicial process if he believes he has been wrongly denied credit for time he served prior to the start of his federal sentence. But Rule 36 is not the proper mechanism to assert his right to such credit. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).

**AFFIRMED.**