**NOT FOR PUBLICATION**



FILED

DEC 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-50085 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00531-R-1 |
| v. | |
| DON WILLIAM JACKSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted November 5, 2019
Pasadena, California

Before:  FARRIS, McKEOWN, and PARKER,[**] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Defendant Jackson admitted to six Class C supervised release violations and was sentenced to 14 months of incarceration—the maximum term suggested by the Sentencing Guidelines. Jackson now asserts that the District Court committed procedural error by (1) not crediting Jackson for time served on house arrest; (2) not granting Jackson a downward sentencing variance because of time served on house arrest; (3) rejecting his request for a specific departure from the Guidelines range based on his physical and psychiatric medical conditions, (4) failing to sufficiently address the § 3553(a) factors, and (5) rejecting a departure from his sentence based on potential threats to his life in prison. Jackson does not challenge the substantive unreasonableness of his within-Guidelines sentence. We reject each of Jackson's contentions and affirm the sentence.

Jackson was convicted of conspiracy to distribute narcotics in 2005 and initially sentenced to a term of 132 months, to be followed by ten years of supervised release. Following his release from incarceration, Jackson has engaged in a consistent pattern of violations. His supervised release conditions have been modified for unauthorized travel outside of the district, failure to complete residential training programs, failure to notify probation officers of police contact, association with convicted felons, possession of a counterfeit driver's license, and convictions for negligent operation of a watercraft and DUI. On January 11, 2018,

Jackson again admitted to violating the terms of his supervised release. His term of supervised release was revoked and reimposed, and the Court also ordered him to serve four months on house arrest.

On January 18, 2018, Jackson was shot and nearly killed in an apparent act of retribution for past assistance that he provided to law enforcement. The District Court suspended his term of house arrest on January 25 because of the shooting, at which time he had only served two weeks of his four-month term of house arrest.

Jackson again violated the terms of his supervised release soon after, and this new set of violations forms the basis of the present appeal. On June 19, 2018, Jackson appeared before the Court for revocation proceedings pursuant to four charged violations. Jackson admitted to two of the four violations, agreed to serve 109 days of house arrest, and the proceedings were stayed pending the resolution of a criminal case in California state court. Before these proceedings were ever finalized, the Government charged Jackson with an additional eight violations of supervised release. On February 11, 2019, Jackson eventually admitted to six of the twelve total violations, including the two offenses previously admitted in June. The parties agree that the District Court correctly calculated a Guidelines range of

eight to fourteen months, given that all violations constituted Class C offenses and that Jackson fell within criminal history category VI. *See* U.S. Sentencing Guidelines § 7B1.4(a). The Government recommended a sentence of fourteen months incarceration based primarily on Jackson's history of violations and his "repeated breaches of the Court's trust." The District Court adopted the Government's recommendation and sentenced Jackson to fourteen months incarceration to be followed by three years of supervised release.

Sentencing decisions are generally reviewed for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Under this standard, we will set aside a district court sentence only for procedural error or substantive unreasonableness. *Id.*; *see also Gall v. United States*, 552 U.S. 38, 51–52 (2007). Where a defendant fails to raise a claim of procedural error in sentencing before the district court, however, we review only for plain error. *See United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012). On plain error review, the defendant must show (1) an error that (2) is "clear or obvious," (3) which "affected the outcome" of the proceedings, and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quotations omitted).

We will find procedural error where the district court failed to calculate the Guidelines range, or calculated it incorrectly; treated the Guidelines as mandatory; failed to consider the factors addressed in 18 U.S.C. § 3553(a); chose a sentence based on clearly erroneous facts, or failed to adequately explain the sentence selected. *Carty*, 520 F.3d at 993. A district court's explanation of its chosen sentence must be adequate to "permit meaningful appellate review," but an adequate explanation may be inferred from the record as a whole. *Id.* Further, "[a] within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines calculation itself as contrary to § 3553(a)." *Id.*

We reject Jackson's first claim of procedural error—that Jackson should have been given credit for time served on house arrest. The District Court lacked statutory authority to give such credit. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006). Only the Bureau of Prisons has discretion to grant defendants credit for time served prior to the start of their federal sentences, and a criminal defendant may only challenge the

5

Bureau's calculation of credits in a habeas corpus action based on 28 U.S.C. § 2241 after the exhaustion of administrative remedies. *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

Jackson's second claim of procedural error also fails. We review Jackson's claim that the District Court should have given him a downward sentencing variance because of time served on house arrest for plain error, because Jackson failed to raise the claim below "with sufficient distinctness to alert the court to the nature of the claimed defect." *United States v. Dorvee*, 616 F.3d 174, 179 (2d Cir. 2010) (quotations and citations omitted). Jackson's request for credit for time served came after the sentence had already been issued, and would not have alerted the Court that Jackson was actually requesting a downward sentencing variance.

The District Court did not plainly err by issuing a sentence at the top of the Guidelines range despite the fact that Jackson had served time on house arrest between his prior revocation hearing and the revocation hearing at issue here. Jackson claims that the Court punished him twice for the same offense by sentencing him to 109 days of house arrest in June of 2018 and then issuing a 14-month sentence in February of 2019. But the term of house arrest that Jackson agreed to serve in June was associated with a previous revocation of the terms of his supervised release. He was not being punished for a new offense; he was

6

serving time he already owed.  Therefore, the District Court did not plainly err in failing to consider a downward departure that Jackson never actually requested, because the sentence issued remained within the Guidelines range and any such departure would have been wholly discretionary.

It is true that the District Court purported to grant "credit for time served," but the District Court lacked jurisdiction to issue that remedy.  In *Peters*, this Court affirmed a sentence despite the District Court's erroneous attempt to credit the defendant for time served in much the same fashion.  470 F.3d at 909.  Jackson argues that we must remand for re-sentencing because the District Court failed to consider what it would have done had it known that it lacked jurisdiction to issue credit for time served.  *Peters* forecloses that argument.  In *Peters*, we remedied the error by simply striking the phrase "credit for time served" from the judgment and imposing the full sentence.  *Id.*  Following *Peters'* guidance, we hold that the District Court did not plainly err.

We also reject Jackson's claim that the District Court abused its discretion in denying Jackson's request for a sentencing departure based on his various medical problems.  The District Court did allow Jackson extra time prior to his surrender

date due to a scheduled surgery, but left the fourteen-month sentence in place. The Court explicitly considered granting a downward variance on the record after Jackson's counsel requested that the Court consider Jackson's medical difficulties in issuing a sentence. The District Court asked counsel for the Government to respond to Jackson's arguments, and counsel responded that "the Government has considered the defendant's medical issues and it still maintains its recommendation in this case." The Court was permitted to rely on that recommendation and did not abuse its discretion in adopting it.

Finally, we hold that the District Court did not plainly err by purportedly failing to sufficiently address the § 3553(a) factors or declining to modify Jackson's sentence based on potential threats he might face in prison as a past informant. The plain error standard applies to both of these claims. Although Jackson presented some mitigating evidence going to these two issues, he did not style the presentation of this evidence as a procedural objection. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 n.3 (9th Cir. 2010) (explaining that plain error review applies to a claim of procedural error on appellate review where the arguments presented to the District Court were primarily focused on mitigation, and thus substantive in nature).

The Government's sentencing memorandum sufficiently tracks the § 3553(a) factors by citing some of the factors and explaining its decision to recommend a fourteen-month sentence. The Court was permitted to adopt that recommendation.

The record does not directly address Jackson's final contention—that his sentence should have been altered to protect him from the threat of prison violence—but the Court's lack of exposition was reasonable given the fact that Jackson never drew any connection between his sentence and the potential dangers he might face in prison. Jackson's sentencing memorandum discussed the violence he had suffered and explained why he was a potential target in the context of his medical needs, but did not request that the District Court take any particular action based on that fact. He made this particular argument for the first time before this Court. It would be asking too much of the District Court to conclude—of its own volition—that Jackson would face unreasonable dangers in prison based on his past cooperation with law enforcement. It cannot constitute plain error.

**AFFIRMED.**