NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50437 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00633-SJO-3 |
| v. | |
| YESENIA HERRERA, AKA Jessie, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50007 |
| Plaintiff-Appellant, | D.C. No. 2:15-cr-00633-SJO-3 |
| v. | |
| YESENIA HERRERA, AKA Jessie, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 3, 2020[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and NGUYEN, Circuit Judges, and CHRISTENSEN,*** District Judge.

Yesenia Herrera appeals from the district court's judgment, challenging her guilty-plea convictions and sentence for conspiracy to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 846, and distribution of at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). The United States cross-appeals, challenging the court's award of custody credits for time served against Herrera's sentence. We have jurisdiction over Herrera's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and over the United States' cross-appeal under 18 U.S.C. § 3742. We affirm Herrera's convictions. We also affirm her sentences, as amended.

1. Reviewing de novo, *United States v. Peters*, 470 F.3d 907, 908–09 (9th Cir. 2006), we conclude that the district court erred by ordering that Herrera receive credit for time served in federal and state custody. Because "the prerogative to grant credits in the first instance rests with the . . . Bureau of Prisons," district courts exceed their authority at sentencing by awarding time-

---

*** The Honorable Dana L. Christensen, United States Chief District Judge for the District of Montana, sitting by designation.

2

served credits under 18 U.S.C. § 3585(b).[1]  *Id.* at 909.  We therefore strike from the judgment the phrase: "The Court Orders that the defendant shall receive credit for all time served while in federal custody and also the defendant shall receive an additional 309 days credit that she's served on related conduct in state custody." *See id.* ("strik[ing] from the judgment the phrase 'with credit for time served from the defendant's arrest on August 9, 2006'" because the district court lacked authority to award such a credit).

2.  Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Herrera's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record.  We have provided Herrera the opportunity to file a pro se supplemental brief, and none has been filed.  Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal.

Counsel's motion to withdraw is therefore **GRANTED**, and Herrera's convictions are **AFFIRMED**.  As amended, the judgment and sentences are **AFFIRMED**.

---

[1] Because the district court awarded time-served credits under § 3585(b), we do not reach the United States' alternative arguments regarding the availability of an adjustment or departure under the Sentencing Guidelines.