**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30156 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00034-SPW-1 |
| v. | |
| GUS OLDBEAR, III, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Gus Oldbear, III, appeals from the district court's judgment and challenges the 41-month sentence imposed following revocation of his probation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Oldbear argues the district court imposed an unreasonable sentence because

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

it based the sentence on the seriousness of his offense conduct, contrary to our decision in *United States v. Miqbel*, 444 F.3d 1173, 1181-83 (9th Cir. 2006). That argument is unavailing because the statute governing probation revocations, unlike the statute governing revocation of supervised release, permits the district court to consider any applicable 18 U.S.C. § 3553(a) factor, *see* 18 U.S.C. § 3565(a), and "give[s] the trial court discretion to sentence a probation violator to the range of sentences available at the time of the original sentencing," *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996). In light of the § 3553(a) factors and the totality of the circumstances, the sentence, which is at the bottom of the Guidelines range applicable at the original sentencing, is reasonable. *See United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006).

**AFFIRMED**.