NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUDY P.H. SABLAN,

Defendant - Appellant.

No. 24-5761

D.C. No.
1:12-cr-00010-FMTG-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District Court of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted September 24, 2025
Saipan, Northern Mariana Islands

Before: MURGUIA, Chief Judge, and McKEOWN and RAWLINSON, Circuit
Judges.

Defendant Rudy Sablan appeals the sentence that the district court imposed

upon revocation of his original term of supervised release. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

While incarcerated, Sablan moved to reduce his sentence of imprisonment,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

arguing that the Bureau of Prisons ("BOP") failed to calculate properly the confinement credit that he was entitled to, and he had therefore served 913 days past the proper date of his release. The district court found that the BOP failed to credit Sablan for 881 days, issued an amended judgment, and immediately released Sablan, at which time his term of supervised release commenced.

In 2024, a magistrate judge issued a report and recommendation advising the district court to revoke Sablan's supervised release for violating its conditions and to impose a new sentence. Sablan objected under 18 U.S.C. § 3585(b), arguing that the district court should credit his overserved time of incarceration from his original sentence to any new sentence. The district court declined to do so and imposed a new sentence of three months of imprisonment followed by twenty-four months of supervision. On appeal, Sablan asserts that the district court abused its discretion[1] by failing to credit his overserved time of incarceration from his original sentence toward his new sentence under 18 U.S.C. § 3583(e).[2]

We engage in a two-step review of criminal sentences. *See United States v. Thompson*, 130 F.4th 1158, 1164 (9th Cir. 2025). We first ask whether the district

---

[1] The Government contends that review should be for plain error. Because our decision would be the same under either standard, we need not decide which standard applies.

[2] Sablan raises 18 U.S.C. § 3583(e) for the first time on appeal. Section 3583(e)(2) is a discretionary provision that empowers district courts to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release."

court committed a significant procedural error, and then we ask whether the district court imposed a substantively reasonable sentence. *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"[D]istrict courts lack authority at sentencing to give credit for time served." *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (Defendant violated the terms of his probation and at sentencing, "[t]he district court lacked authority under 18 U.S.C. § 3585(b) to grant [defendant] credit for the time he had served after his arrest."). The district court therefore did not procedurally err in denying Sablan's request to credit overserved time from his original sentence toward his instant sentence imposed for violating the conditions of his supervised release.

Nor did the district court err substantively. The district court considered Sablan's request to exercise its general discretion to impose a lower sentence due to overserved time. And the term of Sablan's sentence was less than that recommended by the Sentencing Guidelines. *See United States v. Wilson*, 8 F.4th 970, 978 (9th Cir. 2021) (quoting *United States v. Laurienti*, 731 F.3d 967, 976 (9th Cir. 2013)) ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."). District courts "enjoy significant discretion in bringing their individual judgment to bear in crafting criminal sentences." *Thompson*, 130 F.4th at 1170. As such, we affirm the decision below.

24-5761

On appeal, Sablan for the first time argues that he is entitled to relief under the discretionary provisions of 18 U.S.C. § 3583(e). However, "[w]e generally do not 'consider an issue not passed upon below.'" *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). As such, we decline to consider Sablan's § 3583(e) challenge.[3]

**AFFIRMED.**

---

[3] Sablan raised *Gonzalez v. Herrera*, No. 24-2371, 2025 WL 2396495 (9th Cir. Aug. 19, 2025) in a Fed. R. App. P. 28(j) letter dated August 28, 2025. *Gonzalez* deals with the application of First Step Act mandatory time credits under 18 U.S.C. § 3632(d)(4)(C) and does not apply here.